UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT R. BERG, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS, *et al.*, <br><br> Defendants. | Case No. C18-0522-TSZ-MAT <br><br> REPORT AND RECOMMENDATION |

Plaintiff Robert Berg is a former state and federal prisoner who currently lives in the community. On April 9, 2018, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis*. (*See* Dkt. 1.) Plaintiff's complaint is extraordinarily difficult to comprehend. However, he makes reference to the Washington Sentencing Reform Act of 1981 and the Federal Sentencing Reform Act of 1984, and he appears to assert that individuals such as himself who were sentenced under the old law were supposed to be sent back to the sentencing court to be sentenced under the new law, but that never happened. Plaintiff also states that his lawyer in one of his criminal cases, Federal Public Defender Thomas W. Hillier, II, was "very bad." Plaintiff identifies the Washington Department of Corrections (DOC), the Federal Bureau of Prisons (BOP), the United

REPORT AND RECOMMENDATION - 1

States Attorney General, the United States Parole Commission, and the State of Washington as defendants in his complaint. Plaintiff does not clearly identify in his complaint what relief he is seeking in this action.

Between April 13 and April 16, 2018, plaintiff filed additional declarations in support of his civil rights complaint, as well as a Motion to Vacate Judgement and Sentence and Community Custody. (Dkts. 3-5, 7.) Most recently, plaintiff filed a Motion not to Dismiss Habeas Corpus. (Dkt. 9.) Each of these documents was also filed in a pending federal habeas action which plaintiff submitted to the Court for filing on the same day he submitted his civil rights complaint. *See Berg v. Department of Corrections*, C18-521-JCC. Plaintiff apparently sought to challenge in his petition for writ of habeas corpus, which he filed under 28 U.S.C. § 2241, three King County convictions from 1976, 1978 and 1979, and a term of supervised release imposed in August 2012. *See id*., Dkt. 1-1 at 2. Plaintiff also referenced in his habeas petition a 25 year term of imprisonment imposed by United States District Judge Jack E. Tanner in 1982. *See id*. A Report and Recommendation is currently pending in the habeas action recommending dismissal on the grounds that plaintiff does not appear to be in custody and that, in any event, plaintiff's request for habeas relief is time-barred. *See id*., Dkt. 8.

A review of plaintiff's various submissions in this civil rights action reveals that plaintiff has not adequately alleged any cause of action under § 1983. In order to state a claim for relief under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.

REPORT AND RECOMMENDATION - 2

*See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff does not identify in his civil rights complaint the constitutional right or federal statute which he believes was violated by the conduct of the named defendants, nor does he allege any clear facts implicating federal constitutional concerns. Plaintiff also fails to identify any viable defendant in his complaint. The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Thus, any intended claims against the Washington DOC or the State of Washington are clearly barred under *Will*. To the extent plaintiff seeks to proceed against the federal defendants identified in his complaint; *i.e.*, the BOP, the United States Attorney General, and the United States Parole Commission, his claims arguably arise under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Supreme Court has held that there can be no *Bivens* cause of action against the United States Government, a federal agency, or government officers in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 484–486 (1994). Thus, any intended claims against the federal defendants are barred as well.

In addition to the fact that plaintiff has not identified any constitutional violation or any viable defendant in his complaint, it appears unlikely that plaintiff has available to him any viable claim upon which he could proceed. Parsing through plaintiff's various submissions, it appears that the cause of his current concern is a sentence of community custody which was imposed in a 2011 King County Superior Court case and which plaintiff believes to be improper. Assuming that plaintiff is intending to challenge that sentence, he may not do so in a civil rights action. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or sentence does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant

REPORT AND RECOMMENDATION - 3

of a writ of habeas corpus." *Heck*, 512 U.S. at 489.  Nothing in the record before this Court suggests that the sentence which may be at issue here has been invalidated in any way.

When a complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B).  Because plaintiff does not identify any viable defendant or cause of action in his civil rights complaint, and because it seems unlikely that these defects can be cured through amendment, this Court recommends that the instant action be dismissed, without prejudice, under § 1915(e)(2)(B)(ii).  The Court further recommends that all pending motions be stricken as moot.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect the right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 8, 2018**.

DATED this 17th day of May, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4